CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 3 0 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILLIAM T. ROBINSON, ) | |
| Plaintiff, ) | Civil Action No. 7:08-CV-00195 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| TRACY RAY, ) | By: Samuel G. Wilson |
| Defendant. ) | United States District Judge |

Plaintiff William T. Robinson, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Robinson alleges that defendant Tracy Ray, the Warden of Red Onion State Prison ("ROSP"), illegally transferred him, retaliated against him, and denied him due process. The court finds that Robinson's complaint fails to state a claim upon which the court may grant relief and, therefore, dismisses the suit pursuant to 28 U.S.C. § 1915A(b)(1).[1]

I.

Robinson claims that he was "illegal[ly] transferred" from Wallens Ridge State Prison to ROSP. He alleges that the transfer was made in "retaliation" of his "identity as the Head of the Rephaim Book."[2] Robinson further claims that he informed defendant Ray that he was the Head of the Rephaim Book and, therefore, should be immediately released from state custody, but Ray failed to conduct an investigation.

Robinson also claims that since his transfer to ROSP, he has been held in the segregation unit

---

[1] Moreover, the court notes that fantastical or delusional claims are clearly baseless and, thus, are insufficient to withstand the court's evaluation for frivolity dismissal under § 1915(e)(2)(B)(i). See Denton v. Hernandez, 504 U.S. 25, 33 (1992); Neitzke v. Williams, 490 U.S. 319, 327 (1989). In this case, some, if not all, of Robinson's claims appear to be fantastic and fail to establish that he has been deprived of a constitutionally or federally protected right. However, in an abundance of caution, the court will address the possible merits of each of his claims.

[2] The Rephaites were a grouping of tall people mentioned in the Hebrew Bible that lived between the Nile River and the Euphrates River during the time of Abraham (Genesis 15:17). See Wikipedia, Rephaim, http://en.wikipedia.org/wiki/Rephaim (last visited Apr. 29, 2008).

without legal remedy. As relief, Robinson seeks an "emergency transfer" to Sussex I State Prison so that he can contact his "true legal representatives, . . . a congressional committee of the House of Representatives and the Commander in Chief 'Office of the Presidency.'" Finally, Robinson alleges that C. Turnbill, ROSP's Treatment Program Supervisor, has retaliated against him since the last civil rights action he filed, which was dismissed without prejudice for failure to prosecute. See Robinson v. Turnbill, Civil Action No. 7:07cv00561 (W.D. Va. Jan. 4, 2008).

## II.

It is well-settled that state officials may not retaliate against an inmate for exercising his constitutional rights, including his right to access the courts. See American Civ. Liberties Union v. Wicomico County, 999 F.2d 780, 785 (4th Cir. 1993). However, in order to sustain a cognizable retaliation claim under § 1983, an inmate must point to specific facts supporting his claim of retaliation. White v. White, 886 F.2d 271 (4th Cir. 1989). "[B]are assertions of retaliation do not establish a claim of constitutional dimension." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (federal courts should regard inmate claims of retaliation with "skepticism"). In this case, Robinson does not point to any facts that suggest that his transfer to ROSP was based on a retaliatory motive. Further, he does not allege how Turnbill retaliated against him after he filed his last civil rights action. Accordingly, the court finds that Robinson's conclusory allegations of retaliation fail to state a claim on which relief may be granted under 42 U.S.C. § 1983.

## III.

To the extent Robinson claims that his confinement in segregation constitutes a violation of his due process rights afforded under the Fourteenth Amendment, it fails. In order to prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of "life, liberty,

or property" by governmental action. Bevrati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). Although prisoners are afforded some due process rights while incarcerated, those liberty interests are limited to "the freedom from restraint which, while not exceeding the sentence in such and unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Changes "in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Further, prisoners do not have a constitutionally recognized liberty interest in a particular security classification nor a constitutional right to be confined in a particular prison. Hewitt v. Helms, 459 U.S. 460, 468 (1983); Meachum v. Fano, 427 U.S. 215, 224 (1976). Therefore, the court finds that Robinson's allegations regarding his transfer to ROSP and his assignment to the segregation unit fail to state a due process claim of constitutional magnitude.

### IV.

To the extent Robinson's allegations can be construed as a claim that his assignment to the segregation unit amounts to cruel and unusual punishment in violation of the Eighth Amendment, it also fails. To establish an Eighth Amendment living conditions claim, Robinson must allege facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-81 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993). While segregation conditions may be inconvenient, uncomfortable, and unfortunate, he has not alleged anything to suggest that these conditions violate contemporary standards of decency.

Nor has Robinson demonstrated that because of the conditions, he has sustained a serious or significant injury or is at risk of a future injury. Therefore, he has failed to state a constitutional claim under the Eighth Amendment.

## V.

Based on the foregoing, Robinson's claims are dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim.

The Clerk is directed to send a certified copy of this Memorandum Opinion and accompanying Order to plaintiff.

ENTER: This 30th day of April, 2008.

United States District Judge